IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

TRUSTEES OF THE CHICAGO )
REGIONAL COUNCIL OF CARPENTERS )
PENSION FUND, et al., )
 )
          Plaintiffs, ) Judge Feinerman
 ) Case No. 12 cv 9830
 )
PRESTIGE CONSTRUCTION, L.L.C., )
 )
          Defendant. )

## MOTION FOR SUPPLEMENTAL JUDGMENT

The Plaintiffs, by their attorney, David Whitfield, moves this Court for an entry of an order of Supplemental Judgment and in support state as follows:

1. On March 21, 2013, this Court entered a judgment in favor of the Plaintiffs and against the Defendant in the amount of $64,838.56. The judgment amount represented unpaid ERISA contributions, attorney's fees and court costs, liquidated damages, and interest. *(Exhibit A)*

2. The judgment order included attorney's fees and court costs totaling $2,774.85.

3. Plaintiff have collected $44,574.32 of the judgment via citations to discover assets issued to various third parties though citations to discover assets.

4. Plaintiffs' counsel has spent an additional time post entry of the underlying judgment to collect $44,574.32 of the underlying judgment. Whitfield, McGann & Ketterman's billing rate is $175-$225 an hour. Plaintiffs have incurred an additional $18,737.54 in attorney fees and costs. *(Declaration of David Whitfield, Exhibit B)*

5. The additional attorney's fees sought are primarily for engaging in post judgment proceedings, issuance of Citations to Discover Assets, and other forms of Discovery to satisfy the outstanding judgment amount.

6. Defendant is obligated to pay the attorney fees incurred by the Plaintiffs pursuant to 29 U.S.C. §1132 (g)(2)(D). *Laborers Health and Welfare Trust Fund v. Advanced Lightweight Concrete Co.*, 484 U.S. 539, 547, 98 L. Ed. 2d 936, 108 S. Ct. 830

(1988) ("The special remedy against employers who are delinquent in meeting their contractual obligations that is created by §502(8)(2) includes a mandatory award of ... attorney's fees and costs."); *Plumbers' Pension Fund v. Domas Mechanical Contractors, Inc.*, 778 F.2d 1266, 1271 (7th Cir. 1985) (stating that the award of reasonable attorney's fees is "nondiscretionary").

7. The March 21, 2013 judgment entered by Judge Feinerman awarding the Plaintiffs costs and fees to execute or otherwise collect on that judgment.

8. On December 10, 2014 the parties, with consent of the court, agreed to engage in local rule 54.3 in aspirations of resolving disputed post judgment fees and cost sought by the Plaintiffs.

9. On December 17, 2014 Plaintiffs' counsel furnished Defendant's counsel with their local rule 54.3 claim, along with supporting documents. (Exhibit C)

10. Local Rule 54.3 requires Defendant's counsel to respond within twenty one (21) days.

11. As of 3:00 p.m. on January 13, 2015 no response has been received by Plaintiffs' Counsel.

WHEREFORE, Plaintiffs pray for an entry of an order for judgment in the amount of $18,737.54.

                                                TRUSTEES OF THE CHICAGO
                                                REGIONAL COUNCIL OF CARPENTERS
                                                PENSION FUND, et al.,

                                                By:   /s/ David Whitfield
                                                         Attorney for Plaintiffs

David Whitfield
Attorney for Plaintiffs
Whitfield and McGann
111 East Wacker Drive, Suite 2600
Chicago, IL 60601